PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAMON DUNN, | ) | |
| | ) | CASE NO. 1:19CV00552 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF No. 15] |

Pending before the Court is Petitioner Damon Dunn's Objection to the magistrate judge's Report and Recommendation (R&R).[1]  ECF No. 15.  The magistrate judge recommended that the Court deny the petition.  ECF No. 12.  For the following reasons, Petitioner's objections are overruled, and the Court adopts the R&R.

## I. Background[2]

A Cuyahoga County Grand Jury returned an indictment against Petitioner charging him with aggravated murder (Count 1), murder (Count 2), kidnapping (Count 3), two counts of felonious assault (Counts 4 and 5), and having a weapon under disability (Count 6).  Counts One through Five each carried one and three-year firearm specifications.  Petitioner waived his right to a jury trial on Count Six.

---

[1]  The case was referred to the magistrate judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2.

[2]  The facts are as reported in *State v. Dunn*, No. 101648, 2015-Ohio-3138 (Ohio Ct App. 2015).

(1:19CV00552)

Before trial, it was discovered that the prosecutor assigned to the case, Aaron Brockler,

engaged in misconduct by creating a fake Facebook profile and using it to contact Petitioner's

alibi witnesses with the intention of preventing or altering their testimony.  After the misconduct

was discovered, the offending prosecutor was removed from Petitioner's case, and Petitioner

filed a motion to dismiss the indictment, due to egregious state conduct.  After an internal

investigation was completed, the trial court conducted an evidentiary hearing and denied

Petitioner's motion to dismiss.  The trial court determined that dismissing the indictment would

be an inappropriate remedy because the actions of the offending prosecutor were not sanctioned

by the prosecutor's office and dismissing the case would only serve to punish the entire

prosecutor's office, the need for which had not been established on the record.

A special prosecutor was appointed before trial commenced.  Petitioner elected to try his

weapons under disability charge to the bench and the remainder of his charges to a jury.  ECF

No. 9 at PageID #: 42.  The kidnapping and felonious assault counts were dismissed.  Id.  The

jury returned guilty verdicts on the remaining charges and specifications, and the trial court

found Petitioner guilty of having weapons while under a disability.  Id.  On June 13, 2014, the

trial court sentenced Petitioner to 25 years to life for aggravated murder, consecutive to the three-

year firearm specification, for an aggregate sentence of 28 years to life.[3]

---

[3]  The sentence was explained in detail by the state appellate court as follows:

> The [trial] court merged Counts 1 (aggravated murder), 2 (murder) and 5 (felonious assault). The State elected to proceed to sentencing on Count 1 (aggravated murder) with a three year firearms specification to be conserved prior and consecutive to the 25-years-to-life aggravated murder sentence. Further, the court sentenced Dunn to 1 year on Count 6 (Weapons under a disability) to run concurrent with his sentence for Count 1. As noted, the aggregate sentence is 28-years-to-life.
>
> See  Exhibit 5 (ECF No. 9-1 at PageID #: 99); see also State v. Dunn, No. CR-12-568849-A, 2014 Ohio Misc. (Cuyahoga Ct. Com. Pl. 2014)."

2

(1:19CV00552)

On direct appeal, Petitioner brought forward three claims and the Court of Appeals affirmed the judgment of the trial court. The Ohio Supreme Court declined to accept jurisdiction of the case. Petitioner filed a subsequent motion for rehearing of the appeal asserting, among other claims, a claim for ineffective assistance of appellate counsel that was denied.[4] Petitioner appealed that denial, and the Ohio Supreme Court, again, declined to accept jurisdiction.

Petitioner filed this instant petition, asserting five grounds for relief, under 28 U.S.C. § 2254:

**GROUND ONE:** Improper flight instruction violating due process and a fair trial under the 5th and 14th Amendments. Supporting Facts: The judge gave the jury a flight instruction which prejudiced this petitioner with the jury by making him look guilty when this petitioner made no attempt to flee before being arrested in violation of the 5th and 14th Amendments.

**GROUND TWO:** Improper denial of Motion to Dismiss based on severe government misconduct (Prosecutorial Misconduct) 5th and 14th Amend. Supporting Facts: The state's case was so weak they felt the need to manufacture evidence to convict this petitioner as no reliable evidence was presented much less available to support the conviction since this petitioner did not commit the murder making this conviction a violation of due process when the prosecutor made up evidence and the entire case should have been dismissed.

**GROUND THREE:** Insufficient evidence violation of 5th and 14th Amends. Supporting Facts: All essential elements were not proven beyond a reasonable doubt as no real or tangible evidence was presented to support conviction in violation of the 5th and 14th Amends.

**GROUND FOUR:** Ineffective assistance of trial counsel in violation of 5th and 6th and 14th Amends. Supporting Facts: Trial counsel failed to impeach witness with his own prior testimony and conducted no legal research on tower evidence and the arguments of alleged expert witness including not being versed in Fed R. 702. Counsel allowed cell phone store worker to be accepted as expert witness all of which prejudiced this petitioner and violated his constitutional rights under the 5th, 6th and 14th Amends.

**GROUND FIVE:** Ineffective assistance of appellate counsel in violation of 5th and 6th and 14th Amends. Supporting Facts: Appellant's counsel failed to raise the strongest issues on direct appeal having ample opportunity to do so causing this petitioner to have

---

[4] *State v. Dunn*, 2018-Ohio-1761, ¶ 27 (Ohio Ct. App. 2018)

3

(1:19CV00552)

> to file a 26b as an untrained litigant which is the only reason the petition was denied. This constitutes a violation of this petitioner's constitutional rights under the 5th, 6th and 14th Amends.

ECF No. 1 at PageID #: 5-12.

Respondent filed a return of writ (ECF No.10), and Petitioner filed a traverse (ECF No. 11). The magistrate recommended that the petition be denied, and that Petitioner not be granted a certificate of appealability. *See* ECF No. 12 at PageID #: 2125. The Court has reviewed the record and concurs with the magistrate judge's conclusions.

## II. Standard of Review

When objections have been made to the magistrate judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge: "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id*. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## III. Discussion

*Pro se* Petitioner has filed 13 objections. These objections are mostly duplicative of one another, and often include irrelevant information. Therefore, the Court will re-organize these objections to address them in a more efficient manner. The objections are now re-organized as to how they relate to the grounds that petitioner has pleaded. Petitioner has objected to the magistrates adjudication of all five grounds. Also, Petitioner made multiple objections about there not being a certificate of appealability issued in this matter, the Court can address those objections in a more efficient manner by taking them as a single objection. The Court considers those last.

4

(1:19CV00552)

## A. Ground One (Objection 1).

Petitioner's first objection relates to Ground One in which Petitioner argues that the trial court improperly gave a jury instruction related to flight. The state appellate court decided that the flight instruction given was improper, but that the error was harmless. In the R&R, the magistrate determined that Ground One was not cognizable, but also ruled in the alternative finding that Petitioner had not met the proper standard to show that the improper jury instruction violated any of Petitioner's federal rights. *See* ECF No. 12 at PageID #:2102-04. Petitioner's objection seems to claim that the flight instruction was not a harmless error because it diminished the presumption of innocence because there was no evidence of flight. *See* ECF No. 15 at PageID#: 2131-32.

When considering whether a state court was correct in its harmless error determination, the Court must determine whether the complained of error had a substantial and injuries effort or influencing determining the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). Obtaining relief on this standard is extremely difficult." *Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020). Essentially, Petitioner must show that the ailing instruction is so flawed that it "infect[s] the entire trial." *See Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (quoting *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977)

The jury instruction in question read as follows:

"There may be evidence in this case to indicate that the defendant fled from the scene of the crime. Flight does not in and of itself raise the presumption of guilt, but it may show consciousness of guilt or guilty connection with the crime… If you find that the defendant did flee from the scene of the crime, you may consider that circumstance in your consideration of guilt or innocence of the defendant."

ECF No. 9-10 at PageID #: 1935-36.

(1:19CV00552)

Having reviewed this jury instruction *de novo* under the proper legal standard, the Court finds that the instruction was not so flawed that it violated federal due process rights.  The Court agrees with the magistrate judge's decision that the instruction is phrased in a way that allows the jury to reach its own conclusion about whether Petitioner fled and the impact that would have on its final decision.  *See* ECF No. 12 at PageID#: 2103-04.  Contrary to the objection by Petitioner, there is nothing in the instruction that diminishes the presumption of innocence.  The Court, therefore, overrules Petitioner's objections regarding the magistrate's adjudication of Ground One.

### B.  Ground Two (Objections 3&4)

In Ground Two, Petitioner argued that prosecutorial misconduct violated Petitioner's due process rights.  In the R&R, the magistrate judge found that, while there was in fact misconduct in this case, the misconduct was not prejudicial to Petitioner in a way that violated his federal rights.  *See* ECF No. 12 at PageID #: 2104-09.  Petitioner objects mainly on the grounds that the prosecutorial misconduct in his case was significantly egregious.[5]  *See* ECF No. 15 at PageID#: 2133-39.

---

[5] While describing the severity of the misconduct throughout his objections relating to ground two, Petitioner references the Ohio Supreme Court's adjudication of whether the the prosecutor in the case, Aaron Brockler, violated his professional duties by his actions in Petitioner's case.  *Disciplinary Counsel v. Brockler*, 48 N.E.3d 557 (Ohio 2016). Petitioner argues that the R&R should have explicitly relied on this decision when determining whether the actions taken by the prosecutor prejudiced Petitioner.  Although Petitioner appended this decision to the traverse, ECF No. 11 at PageID#: 2079, Petitioner never made a proper motion to expand the record.  The R&R is silent on whether the magistrate judge reviewed this decision when making its decision on Ground Two.  Having reviewed the Ohio Supreme Court's decision, however, the Court has finds that it has little importance to the Court's limited review of this habeas petition.  The Supreme Court's opinion and the R&R agree that the offending prosecutor's conduct was improper.  Other statements are irrelevant, because the review of the habeas petition is limited to whether the prosecutor's conduct violated Petitioner's federal rights, a question that was not before the Ohio Supreme Court in the disciplinary hearing.  Therefore, statements by the Supreme Court about  the impact of the offending prosecutor's improper conduct on Petitioner's trial

(1:19CV00552)

To determine whether prosecutorial misconduct violated a federal right the Court must use the two-step test in *Carroll*.  *See United States v. Carroll*, 26 F.3d 1380, 1385 (6th Cir. 1994).  In step one, the Court must determine whether the conduct was improper, and in the step two second the court must weigh four factors to determine if the conduct was prejudicial.  There are two steps because regardless of the severity of the misconduct, it may be the case that the conduct did not violate Petitioner's federal rights.  *See United States v. Hall*, 979 F.3d 1107, 1120 (6th Cir. 2020).

When analyzing the second step, the Court must weigh four factors: (1) whether the conduct of the prosecutor tended to mislead the jury or prejudice the defendant, (2) whether the conduct or remarks were isolated or extensive, (3) whether the remarks were deliberately or accidentally made, (4) whether the evidence against the defendant was strong.  *Carroll*, 26 F.3d at 1385.

When reviewing these factors the key is whether the misconduct in question so infected the trial with unfairness as to make the conviction a denial of due process.  *Lundgren v. Mitchell*, 440 F.3d 754, 778 (6th Cir. 2006).  Also, the Court can look to whatever curative steps were taken at trial to address the misconduct in question.  *Hall*, 979 F.3d at 1120.

At step one in this case, the magistrate judge quickly determined that the prosecutor's actions were improper and moved on to weigh the four factors at step two.  In that decision, the magistrate judge found that only one of the four factors bode in favor of Petitioner.

---

are merely dicta and have no legal importance to the matter before the Court.  Of greater importance is that the offending prosecutor was removed from the case before trial.  The case was tried to conclusion by a special prosecutor.

(1:19CV00552)

When weighing the first factor, the magistrate judge determined that the conduct did not mislead the jury or prejudice Petitioner. *See* ECF No. 12 at PageID#: 2107. The Court agrees that the conduct did not mislead the jury because the misconduct was discovered before the case went to trial. The Court also agrees that the statements did not legally prejudice Petitioner because of the curative measures taken before trial. Although the misconduct, tampering with a witnesses testimony, is likely *per se* improper and prejudicial, the Court finds that this prejudice was cured when the special prosecutor was appointed. It is not the case that this misconduct went unnoticed prior to the testimony of the witness, rather the misconduct was discovered, prior to trial commencing. Petitioner argues that there was prejudice despite the special prosecutor because one of the witnesses tampered with did not testify. Petitioner mischaracterizes the facts in the record which indicate that the witness changed her alibi testimony prior to trial.[6] There is nothing in the record to indicate the witness did not testify due to the misconduct. The Court, therefore, does not find that there was prejudice in this matter because any potential prejudice was cured by the removal of the offending prosecutor and appointment of the special prosecutor.

The second factor is whether the conduct or remarks were isolated or extensive. The magistrate found that the conduct was isolated because it only happened with certain witnesses, that the conduct was discovered, the previous prosecutor was terminated, and the special

---

[6] The state appellate court also addressed this issue, and came to the same conclusion stating:

> "Lewis did not testify at the hearing, but her statement she gave to police, albeit after the Facebook conversation, denied being with Dunn and Mossor. At no time during the Facebook conversations did Lewis commit to her whereabouts or who she was with on the day of the murder. While it is true that it is unknown what Lewis's testimony would have been at trial but for Brockler's involvement, speculation alone is insufficient grounds to impose the most severe sanction against the State for the actions of one rogue assistant prosecutor."

*See Dunn,* 2015-Ohio-3138, at ¶ 26.

8

(1:19CV00552)

prosecutor did not use any of the "evidence" discovered by the previous prosecutor during the misconduct. *Id*.  The Court agrees and finds that the second factor bodes against Petitioner.

The third factor was found in favor of Petitioner because the conduct was intentional. Petitioner does not dispute this decision. *Id*. at PageID #: 2108.  After *de novo* review, the Court concurs that the prosecutor's conduct in this case was intentional.

The fourth factor is the strength of evidence against Petitioner.  The Court finds that the magistrate judge's evaluation of this factor was correct.  In the objections, Petitioner tries to poke holes in the evidence after the fact, but the Court concurs with the magistrate judge's determination that the evidence against Petitioner was quite strong. *Id*.  The Court, therefore, finds that this factor bodes against Petitioner.

After *de novo* review, that the Court cannot grant relief on the second ground.  Although the misconduct was extreme, it did not taint the trial and violate Petitioner's federally protected due process rights.[7]

### C.  Ground 3 (Objection 6)

Petitioner's next set of objections argues that the magistrate judge erred when adjudicating Ground Three.  In Ground Three Petitioner made a sufficiency of the evidence claim.  In the R&R, the magistrate judge determined that Ground Three was procedurally defaulted because Petitioner failed to raise it on the appellate level.  ECF No. 12 at PageID#: 2109.  Petitioner's objection argues that the magistrate judge was too strict when determining whether there was a reasonable

---

[7]  The Court cannot over state the inappropriateness of the offending prosecutor's conduct in this case.  Prosecution is not a profession where the means justify the ends.  No matter how strong the evidence is against a defendant, it is role of the prosecutor to strike hard blows, not foul ones.  *See Berger v. United States*, 295 U.S. 78, 88 (1935).

(1:19CV00552)

probability of success on appeal, and then Petitioner attempted to show how the evidence was not sufficient in his case.  ECF No. 15 at PageID #: 2139-40.

Counsel's alleged failure to raise a certain issue on appeal, is only ineffective assistance of counsel, if there is a reasonable probability that Petitioner would have prevailed on appeal, had counsel raised the issue.  *Mapes v. Tate*, 388 F.3d 187, 194 (6th Cir.2004).  If the claim was meritless, however, counsel had no obligation to bring it.  *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

A proper sufficiency of the evidence claim is very difficult for a petitioner to sustain. The Court must uphold the conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Moreover, the Court must "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict."  *United States v. Jackson*, 470 F.3d 299, 309 (6th Cir. 2006).

Petitioner's objection on the merits does not consider the elements of the crime with which he was charged.  Rather, Petitioner continues to sprout meritless arguments claiming that the eyewitness testimony was not credible and that some of the evidence, like the cell phone location data, was circumstantial.  Neither of these facts support a sufficiency of the evidence claim, because Petitioner ties neither of them to the elements of the crime.  Petitioner correctly claims he need not have shown that he would have conclusively won his appeal.  But Petitioner has not even met the minimum required to show that he had a colorable arguments to bring.

Having reviewed the evidence against Petitioner, the Court finds it would have been meritless for appellate counsel to raise a sufficiency of the evidence claim on direct appeal.  Thus,

10

(1:19CV00552)

the ground is procedurally defaulted for the purpose of this *habeas corpus* claim. Therefore, the objections related to the magistrate's adjudication of Ground Three are overruled.

### D. Ground 4 (Objection 8)

Petitioner's next objection argues that the magistrate erred when considering if Ground Four was procedurally defaulted. Ground Four was Petitioner's general ineffective assistance of counsel claim. In the R&R, the magistrate judge determined that this claim is procedurally defaulted, and Petitioner has not shown cause to excuse the procedural default. ECF No. 12 at PageID #:2117-18. Petitioner has not properly stated an objection in this section, Petitioner mainly complains that he does not understand the legal standard. *See* ECF No. 15 at PageID#: 2141-42. Even had Petitioner stated a proper objection, it would be overruled, based on the record before the Court.

Under Ohio Law, an ineffective assistance of trial counsel claim must be presented to the state in order to preserve it for federal review. *See Williams v. Lazaroff*, 648 F. App'x 548, 552 (6th Cir. 2016) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 749 (6th Cir. 2013)). Petitioner did not do so, making this claim procedurally defaulted. When Petitioner claimed appellate counsel was ineffective, on reconsideration for direct appeal, he never claimed that appellate counsel should have argued that trial counsel was ineffective. A claim that was itself procedurally defaulted cannot be later used to excuse a future procedural default. *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Petitioner, therefore, cannot now say that appellate counsel was ineffective for not claiming that trial counsel was ineffective now when he did not do so at the procedurally appropriate time. After *de novo* review, the Court concurs that the fourth ground was procedurally defaulted. Therefore, any objection in relation to the magistrates judge's adjudication of Ground Four is overruled.

11

(1:19CV00552)

### E.  Ground 5 (Objections 10 & 12)

Petitioners Fifth Ground was based on the argument that Petitioner had ineffective assistance of appellate counsel.   The magistrate judge determined that this ground was procedurally defaulted and also denied on the merits.  *See* ECF No. 12 at PageID #: 2119-20. Petitioner objects that any of the claims were procedurally defaulted and argue that the non-defaulted claims were not meritless.  *See* ECF No. 15 at PageID#: 2144-45.

For the claims that were procedurally defaulted, Petitioner merely argues that the procedural default is "odd." and does not make "logical sense." *Id*.  This is not a proper objection, so the Court need not engage in *de novo* review on whether parts of Ground Five were procedurally defaulted.

For the ineffective assistance of counsel claims that were not procedurally defaulted, the Court must give deference to the decisions of the state appellate court.  *See Harrington v. Richter*, 562 U.S. 86, 99, (2011).  Having reviewed the objection, it is clear that Petitioner objects more to the law itself than how it was applied.   The magistrate judge used the proper standard here. Moreover, having reviewed the state appellate court's decision[8] on whether appellate counsel on the direct appeal was ineffective, the Court finds no error in it.   Each of Petitioner's objections related to Ground Five are overruled.

### F. Certificates of Appealability (Objections 2,5,7,9, 11, &13)

Petitioner's remaining objections:  2, 5, 7, 9, 11, and 13 each relate to the magistrate judge's decision to not grant a certificate of appealability.  *See* ECF No. 15 at PageID #: 2133-34, 38-39, 41-42, 44-46.  Under 28 U.S.C. § 2254, and the Rules Governing 2254 cases, a

---

[8] *State v. Dunn*, 2018-Ohio-1761, at ¶ 27 (Ohio Ct. App. 2018)

(1:19CV00552)

certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

It was appropriately decided that none of Petitioner's claims prevailed. None of them establish a substantial showing of a denial of a constitutional right, for the reasons given above. None of the arguments that Petitioner made about the certificate of appealability, in his objections, persuades the Court that a certificate should issue. Reasonable jurists could not debate whether Petitioner's claims should have been resolved differently. Therefore, the Court agrees with the magistrate judge that no certificate of appealability should issue on any ground.

## IV. Conclusion

Accordingly, Petitioner's objections are overruled. The magistrate judge's Report and Recommendation is adopted. Damon Dunn's Petition for a Writ of Habeas Corpus is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

March 21, 2022
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge